UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE WACKENHUT CORPORATION

VERSUS

ECHELON CONSTRUCTION SERVICES,
L.L.C., PERKINS ROWE
ASSOCIATES, L.L.C., PERKINS
ROWE ASSOCIATES II, L.L.C.,
and JTS REALTY SERVICES, L.L.C

CIVIL ACTION

NUMBER 08-738-FJP-CN

### RULING

This matter is before the Court on the Motions for Summary Judgment filed by The Wackenhut Corporation ("Wackenhut" or "plaintiff") against Echelon Construction Services, L.L.C. ("Echelon")[1] and Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., and JTS Realty Services, L.L.C. ("Perkins Rowe defendants").[2] Both Echelon and the Perkins Rowe defendants have filed oppositions to plaintiff's motions.[3] This is basically a simple case where plaintiff seeks to collect from the defendants funds due on contracts which required plaintiff to provide security services. Both Echelon and the Perkins Rowe defendants contend that a disputed issue of material fact exists regarding their

---

[1] Rec. Doc. No. 28.

[2] Rec. Doc. No. 29.

[3] Rec. Doc. Nos. 32 & 33.

Doc#46720

entitlement to a reduction in the amount due for the alleged failure of Wackenhut security officers in the performance of their duties.

The sole evidence offered by the defendants is the affidavit of Glen Jarrell, an Echelon employee, who avers that he sometimes observed Wackenhut security officers clocked in but not performing security services.  Plaintiff states: "But defendants concede that these alleged incidents are *undocumented*, their number is *unknown*, they happened on *unknown* dates, they involved *unknown* Wackenhut employees, and each such incident was resolved 'relatively quickly.'"[4]  Plaintiff also contends that even if the Court accepted Jarrell's assertions as true, "they are of such a vague and imprecise nature that they fall far short of constituting 'specific facts showing a genuine issue for trial' as required by Rule 56 (d)(2) to successfully oppose a motion for summary judgment."[5]  The Court agrees.

Plaintiff correctly notes that the defendants do not allege that the amounts due are incorrect.  Instead, plaintiff argues that the defendants contend that the amount due does not include a setoff for the alleged improper security services.  The Court's prior decision in *Collins v. Bradley*, relied upon by the plaintiff,

---

[4] Rec. Doc. No. 34, p.2, quoting Defendants' Statement of Material Facts in Dispute, ¶ 7.

[5] *Id.* at p. 2.

is directly applicable to the facts of this case.[6]  The Court held as follows:

> The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute."[7]  In determining the "materiality" of facts, it is necessary to refer to the underlying substantive law. It is only those factual disputes that might affect the action's outcome under governing law which can properly preclude summary judgment. Disputes over facts which have no effect on the motion's resolution are irrelevant.[8]  Even if a fact is material, a factual dispute will not prevent summary judgment if the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[9]

The Court finds that the defendants have failed to assert any genuine issue of material fact which would preclude granting summary judgment in favor of Wackenhut.[10]

Therefore:

It is ordered that The Wackenhut Corporation's motion for summary judgment is granted against Echelon Construction Services,

---

[6] 962 F.Supp. 857 (M.D. La. 1996).

[7] *Id.* at 859, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)(emphasis in original).

[8] *Id.*, citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

[9] *Id.*, citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

[10] The Court has considered all of the arguments and evidence submitted by the parties whether or not specifically discussed herein.

L.L.C. and Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., and JTS Realty Services, L.L.C.  It is further ordered that the parties shall submit to the Court a proposed judgment on or before May 24, 2010.

Baton Rouge, Louisiana, this 6 day of May, 2010.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

Doc#46720                                    4